UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KIMBERLY WHITE, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>KILOLO KIJAKAZI, ACTING )<br>COMMISSIONER OF SOCIAL )<br>SECURITY, )<br>)<br>Defendant ) | CAUSE NO. 2:20-CV-268 RLM |

OPINION AND ORDER

Kimberly White seeks judicial review of the Commissioner of Social Security's September 24, 2019 decision denying her application for disability insurance benefits under the Social Security Act, 42 U.S.C. § 423. The court took the matter under advisement following a telephonic hearing on February 14, 2022, and, for the following reasons, reverses the Commissioner's decision and remands for further proceedings.

I. BACKGROUND

This is Ms. White's second application for disability insurance benefits. Her first alleged disability as of January 22, 2016 due to fibromyalgia, obesity, vertigo, and depression, and was denied on May 10, 2017, after an administrative hearing. The ALJ in that case found that while her impairments were severe, she retained

the residual functional capacity to perform light work with limitations,[1] and could still perform a significant number of jobs in the national economy. He therefore concluded that Ms. White wasn't disabled at any time between January 22, 2016 and May 10, 2017.

Ms. White's second application alleges disability beginning May 11, 2017 based on the same impairments (fibromyalgia, obesity, vertigo, and depression) and migraines. That application was also denied initially, on reconsideration, and following an administrative hearing, at which Ms. White and a vocational expert, Roxanne Benoit, testified.

The ALJ found that:

- Ms.White had severe impairments, including fibromyalgia, vertigo, obesity, and depression, and a non-severe UTI.

- She didn't have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment, specifically Listings 12.04 (depression, bipolar, and related disorder) and 14.09 (inflammatory arthritis) because medical records indicted that she "can walk with a normal gait"; there was no evidence that she had any of the symptoms, signs, or marked limitations required

---

[1] The ALJ found that she could occasionally climb stairs and ramps, balance, stoop, kneel, crouch, and crawl; could perform tasks assigned, if not always at a production rate pace, and meet end of day work goals; and could occasionally adapt to rapid changes in the workplace.

    to meet Listing 14.09, so no need for an independent medical expert to review the listing for equivalency; and the state agency psychologist opined that she had only moderate limitations in understanding, remembering, or applying information, interacting with others, and concentrating, persisting, or maintaining pace; and only mild limitations in adapting and managing herself.

- Based on the state agency physicians' and psychologists' opinions, Ms. White had the residual functional capacity to perform light work, with the following limitations: she could lift and carry 20 pounds occasionally and 10 pounds frequently; sit, stand, and/or walk for six hours in an eight hour workday, with normal breaks; occasionally climb stairs and ramps, balance, stoop, kneel, crouch, crawl, and be exposed to hazards such as dangerous moving machinery or unprotected heights; could understand, remember, and carry out simple tasks, make simple work related decisions, deal with occasional changes in work processes and environment, and occasionally interact with coworkers and supervisors, but could not work with the general public and could not climb ladders, ropes, or scaffolds.

- Ms. White's testimony about the intensity, persistence, and limiting effects of her symptoms wasn't "entirely consistent with the medical

      evidence or other evidence in the record" which showed that: she was diagnosed with fibrmyalgia in 2007 and with vertigo in 2008, but continued to work for several years; she walks with a normal gait; wasn't in "acute distress" when she saw her primary care provider, Dr. Nitin Sardesai, on February 22, 2016, June 5, 2017, and January 18, 2018 or the consulting physician, Dr. M. Siddiqui on May 30, 2018; her vertigo hadn't "significantly worsened since her alleged onset date"; she had normal strength, sensation, and reflexes; there hadn't been any "dramatic treatment events", only medication changes since May 2017; and her mental condition had improved with medication.

- Dr. Sardesai's offered opinions weren't persuasive because they weren't consistent with or supported by the record (which showed that she "can walk with a normal gait", had normal muscle strength, "could climb onto an examination table", and that her neck wasn't specifically limited) or with the state agency psychological consultants, who were more qualified to comment on the claimant's psychological limitations.

- The opinions offered by her treating psychologist, Eva Ponder, Psy.D., weren't persuasive because they were "based at least in part on the claimant's subjective reports", were vague, and weren't "fully

4

consistent with or supported by the record" (which showed that Ms. White's attention and concentration were good), and her comments regarding Ms. White's physical limitations were "outside the realm of her expertise".

The ALJ concluded that Ms. White wasn't disabled within the meaning of the Social Security Act from May 11, 2017 (the alleged onset date) through September 24, 2019, the date of her decision. (AR 15-26). When the Appeals Council denied Ms. White's request for review, the ALJ's decision became the final decision of the Commissioner of Social Security. Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010). This appeal followed.

## II. Discussion

The issue before the court isn't whether Ms. White is disabled, but whether substantial evidence supports the ALJ's decision that she is not. Scott v. Astrue, 647 F.3d 734, 739 (7th Cir. 2011); Nelms v. Astrue, 553 F.3d 1093, 1097 (7th Cir. 2009). "[W]hat matters are the reasons articulated by the ALJ." Jelinek v. Astrue, 662 F.3d 805, 812 (7th Cir. 2011); *see also* SEC v. Chenery Corp., 318 U.S. 80.87 (1943) ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based."). The court can't consider novel reasons advanced by the Commissioner's attorneys on appeal, *id.*; *see also* Kastner v. Astrue, 697 F.3d 642, 648 (7th Cir. 2012) ("Under the *Chenery* doctrine, the Commissioner's lawyers cannot defend the agency's decision on

5

grounds that the agency itself did not embrace."), or reweigh the evidence, make independent findings of fact, decide credibility, or substitute its own judgment for that of the Commissioner. Simila v. Astrue, 573 F.3d 503, 513 (7th Cir. 2009); Powers v. Apfel, 207 F.3d 431, 434-435 (7th Cir. 2000). If it could, the outcome may have been different. But the ALJ must provide the 'logical bridge' between the evidence and her conclusions, Jones v. Astrue, 623 F.3d 1155, 1160 (7th Cir. 2010), not the court.

Ms. White contends that:

(1) the ALJ's RFC findings aren't supported by substantial evidence because she: (a) failed to make any findings about the severity of Ms. White's migraines or consider Ms. White's statements regarding the intensity, frequency, and limiting effects the headaches had on her ability to work, (b) didn't adequately evaluated the side effects of her medications, and (c) should have retained a medical expert to determine whether fibromyalgia, in combination with her other impairments, met or equaled the severity requirements of Listing 14.09D (inflammatory arthritis), since the state agency physicians didn't consider it in their assessments and the ALJ isn't a doctor;

(2) the ALJ failed to properly evaluate the opinions offered by her primary care provider, Dr. Nitin Sardesai, and treating psychologist, Eva Ponder, Psy.D.; and

6

(3) the ALJ didn't include limitations in concentration, persistence, and pace in her RFC findings or the hypothetical to the vocational expert. Citing O'Connor-Spinner v. Calvin, 832 F.3d 690, 699 (7th Cir. 2016); O'Connor-Spinner v. Astrue, 627 F.3d 614, 619-20 (7th Cir. 2010).

For the reasons stated at the hearing, the court finds that only two of those arguments warrant remand: the ALJ's failure to address the severity and limiting effects of Ms. White's migraines alone and in combination with her other impairments, and her failure to consider the side effects of the medications Ms. White was taking. The Commissioner indicated in his brief that the errors were harmless. Citing McKinzey v. Astrue, 641 F.3d 884, 892 (7th Cir. 2011) (harmless error if court "convinced" the ALJ would reach same result on remand). The court disagrees.

It's not clear what the state agency physicians based their opinions on, but they found that Ms. White's migraines were "severe" (indicating "significant limits" on her ability to perform basic work activities). The ALJ found their opinions more persuasive than the treating source opinions, and relied upon them in making her determination, but she didn't make any findings about the severity or limiting effects of Ms. White's migraines at any step in the sequential evaluation, doesn't appear to have considered them in combination with her other impairments, and didn't address Ms. White's testimony about the intensity, frequency, and limiting effects of migraine headaches or the medications she was taking.

The ALJ made only one reference to any side effects from medication, noting simply that: "A treating source for the claimant indicated that this conditions (sic) limits her in combination with her side effects, but the record does not indicate that she has significantly worsened since her alleged onset date. (Exhibit B10F)." (AR 21). The treating source who authored Exhibit B10F was Dr. Sardesai, the condition referred to was fibromyalgia, and the side effects of medication that were listed in the statement included "drowsiness, dizziness, upset stomach, and diarrhea." (AR 523-526). The ALJ didn't identify what medications Ms. White was taking for her various conditions, or explain why she found Dr. Sardesai's statements and Ms. White's related testimony unpersuasive and/or inconsistent with the record.

The cumulative effect of those errors tainted the ALJ's hypothetical to the vocational expert and her ultimate finding regarding disability. Under these circumstances, the court is unable to find harmless error.

### III.  CONCLUSION

Accordingly, the Commissioner's decision is REVERSED and the case is REMANDED for further proceedings.

SO ORDERED.

ENTERED:   February 15, 2022

/s/ Robert L. Miller, Jr.
Judge, United States District Court